## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KELLEY KASUL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>MADAVOR MEDIA, LLC,<br><br>        Defendant. | CASE NO. 1:22-cv-00914-HYJ-RSK<br>CLASS ACTION<br><br>Chief Judge Hala Y. Jarbou<br>Magistrate Judge Ray Kent |

## **MEMORANDUM IN SUPPORT OF**
## **DEFENDANT MADAVOR MEDIA, LLC'S MOTION TO DISMISS**

130023260

## TABLE OF CONTENTS

                                                         **Page**

**I.**    Introduction. ............................................................................................................... 5

**II.**   Factual Background ................................................................................................... 6

**III.**  Legal Standard. ......................................................................................................... 7

**IV.**  Argument .................................................................................................................. 8

        **A.**     Plaintiff's Claims Are Barred by the Applicable Statute of Limitations. .............. 8

        **B.**     The Complaint Fails to State a Claim under Rule 12(b)(6) ................................ 11

**V.**    Conclusion .............................................................................................................. 13

130023260

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................. 8, 11

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) .............................................................................................. 7, 8, 13

*Bishop v. Lucent Techs., Inc.*,
　520 F.3d 516 (6th Cir. 2008) ........................................................................................ 13

*Browning v. Buko*,
　2022 WL 4117478 (Mich. Sept. 9, 2022) .................................................................. 9, 10

*Coulter-Owens v. Time Inc.*,
　695 Fed. Appx. 117 (6th Cir. 2017) ................................................................................ 6

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*,
　648 F.3d 365 (6th Cir. 2011) .......................................................................................... 8

*Gladych v. New Family Homes, Inc.*,
　468 Mich. 594 (2003) ................................................................................................... 10

*House of Representatives v. Governor*,
　506 Mich. 934 (2020) ................................................................................................... 10

*In re Certified Questions From United States District Court, Western District of
　Michigan, Southern Division*,
　506 Mich. 332 (2020) ................................................................................................... 10

*Krassick v. Archaeological Ins. of Am.*,
　2022 WL 2071730 (W.D. Mich. June 9, 2022) .............................................................. 9

*Nashel and Robinson v. The New York Times Company*,
　2022 WL 6775657 (E.D. Mich. Oct. 11, 2022) ........................................................ 12, 13

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*,
　650 F.3d 1046 (6th Cir. 2011) ........................................................................................ 8

*Pratt v. KSE Sportsman Media, Inc.*,
　586 F. Supp. 3d 666 (E.D. Mich. 2022) ......................................................................... 9

*Rhodes v. R & L Carriers, Inc.*,
　491 F. App'x 579 (6th Cir. 2012) ................................................................................... 8

*Scheid v. Fanny Farmer Candy Shops, Inc.*,
 859 F.2d 434 (6th Cir. 1988)...................................................................................... 7

*Wheaton v. Apple Inc.*,
 2019 WL 5536214 (N.D. Cal. Oct. 25, 2019).................................................. 13

**Statutes**

MCL § 445.1712 ............................................................................................................ 11

MCL § 445.1715(2)......................................................................................................... 9

PPPA ...............................................................................................................*passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6).................................................5, 6, 7, 13

I.      INTRODUCTION.

This is yet another copycat lawsuit brought by the lawyers in this Court and one of the last few filed under their new tolling theory with respect to the statute of limitations that purportedly applies to a statutory scheme that expired over six years ago. Plaintiff Kelley Kasul ("Plaintiff") attempts to argue that, although she does not know exactly when Defendant Madavor Media, LLC ("Madavor Media" or "Defendant") disclosed her identifying information, she may still initiate a lawsuit with the assumption the alleged wrongful conduct occurred on the last day of the statute's effective date, allowing her more time to take advantage of the pre-July 2016 statutory damages provision in Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), id. § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"). Not so. Plaintiff has not alleged that her claim is sufficiently within the statute of limitations, even under her erroneous tolling theory.

Even if the claims are not time-barred, Plaintiff has blatantly failed to state a viable claim under Rule 12(b)(6) for violation of the PPPA. Plaintiff alleges generally that Defendant wrongfully disclosed the "Private Reading Information" ("PRI") and other "sensitive" information of Plaintiff and *Outdoor Photographer* magazine subscribers "during the relevant pre-July 31, 2016 time period," in violation of the PPPA. But this allegation, and the entire Complaint, lacks sufficient factual support. The Complaint includes no facts whatsoever about the disclosure of ***any*** *Outdoor Photographer* customer information, including Plaintiff's information. Plaintiff does not say who supposedly received her identifying information, whether her identifying information was aggregated with other information and sold, or when these disclosures occurred. The only document on which Plaintiff bases her claim—as admitted to by her counsel—is a screenshot of a third-party list broker's website indicating, at most, a "Mailing List" of subscribers "through

6/30/2022." (Compl. ¶ 2 & Ex. A.) This third-party screenshot is not only unauthenticated, but it fails to identify the availability of any *Outdoor Photographer* subscriber information, much less Plaintiff's information, from the relevant time period of before July 31, 2016. What is more, it fails to indicate the existence of any personal <u>identifying</u> information. Accordingly, the case is based on pure conjecture, is not brought in good faith, and should be dismissed under Rule 12(b)(6) even if the Court concludes that the claims are not time-barred.

## II. FACTUAL BACKGROUND.

Apart from claiming Plaintiff "saw a dramatic uptick of junk mail in her mailbox" (Compl., ¶ 4), the Complaint does not allege facts regarding Plaintiff's personal experience in any way. Indeed, Plaintiff fails to allege the dates of her subscription to *Outdoor Photographer*, how she subscribed,[1] or whether her subscription information and identity is available for sale by any data list broker.

Instead, the Complaint speaks in generalities about how the data broker industry works and asks the reader to make significant leaps in logic to assume that Plaintiff's personal information was disclosed without authorization to third parties on or shortly before July 31, 2016. There are no facts in the Complaint whatsoever establishing or even suggesting that Plaintiff's personal identifying information was disclosed to anyone at any time. Plaintiff states in conclusory fashion that Defendant "rented, exchanged, and/or otherwise disclosed" its customers' PRI—*i.e.*, names, home addresses, and the titles of publications subscribed to—to third parties without consent or notice and that such disclosures violated the PPPA. (Compl., ¶¶ 1, 7). But Plaintiff does not provide

---

[1] Subscriptions through third parties are not actionable under the PPPA. *Coulter-Owens v. Time Inc.*, 695 Fed. Appx. 117, 122 (6th Cir. 2017).

130023260

any facts to suggest that Defendant *actually disclosed* anyone's information—much less Plaintiff's identifying information—during the small window of time before July 31, 2016.

Despite hundreds of pages of exhibits and multiple pages of generalized allegations, Plaintiff's entire case against Defendant seems to turn on the one-page data card found in paragraph 2 and Exhibit A, which is a data card from *third party* NextMark, Inc. showing the purported availability of the *Outdoor Photographer* magazine mailing list through June 30, 2022, several years *after* the purported relevant time period. (Compl., ¶ 2 & Ex. A.). Although Plaintiff subscribed to *Outdoor Photographer* magazine before July 31, 2016, Plaintiff claims this unauthenticated third-party data card is evidence of unauthorized disclosure of Plaintiff's subscription and identifying information in the statutory time period. (Compl., ¶ 11) Based on this "documented evidence," Plaintiff filed this class action seeking to represent a class of Michigan residents who allegedly had their PRI disclosed to third parties by Defendant without notice or consent prior to July 31, 2016. (Compl., ¶¶ 2, 51).

### III. LEGAL STANDARD.

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, and the "claim to relief must be plausible on its face." *Id.* at 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). If the plaintiff does not "nudge[ ] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When considering a motion to dismiss, a court must accept as true all factual allegations but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform*, 648 F.3d at 369. The Sixth Circuit has noted that courts "may no longer accept conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050 (6th Cir. 2011). A complaint "must assert sufficient facts to provide the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests." *Rhodes v. R & L Carriers, Inc.*, 491 F. App'x 579, 582 (6th Cir. 2012) (citing *Twombly*, 550 U.S. at 555).

IV. **ARGUMENT.**

A. **Plaintiff's Claims Are Barred by the Applicable Statute of Limitations.**

The instant action was filed on October 4, 2022. The Complaint includes a request for relief on behalf of the named plaintiff and a putative class in the form of $5,000 in statutory damages for each purported violation. (Compl., ¶ 75.) To be entitled to a statutory damages award, the cause of action must have arisen on or before July 31, 2016, and must have been filed (at the latest) within

6 years of the date the purported disclosure occurred.[2] *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 675 (E.D. Mich. 2022). Thus, Plaintiff's claims are barred by the statute of limitations.

Plaintiff contends that she is entitled to certain relief from the limitations period based on the Governor's Executive Order No. 2020-58 ("Executive Order") and Michigan Supreme Court's Administrative Orders in response to the COVID-19 pandemic. (*See* Compl., ¶ 1 n.1.) These orders purport to toll statutory limitations periods under Michigan law for what ultimately amounts to a period of 101 days between March 10, 2020, and June 20, 2020. *See Browning v. Buko*, 2022 WL 4117478, at *1 (Mich. Sept. 9, 2022) (Viviano, J., dissenting). This would mean that the limitations period for Plaintiff's claim is extended to November 9, 2022, assuming the disclosure occurred on the last day of the statute's effective date—July 31, 2016. Plaintiff, however, is wrong.

As recognized by Plaintiff, the Executive Order applies to "[a]ll deadlines applicable to the *commencement* of all civil and probate actions and proceedings" and "the *commencement* of all civil and probate case types." (Compl., ¶ 1 n.1) (citing Mich. Supreme Court Administrative Order 2020-3, Mich. Executive Order No. 2020-58) (emphasis added). The Executive Order extended by 101 days the time for *filing* a claim; it certainly did not (and did not purport to) extend the cause of action for statutory damages. Indeed, an executive order could not override or extend the legislature's termination of causes of action for statutory damages.[3] Thus, on its face, the Executive

---

[2] The PPPA was amended effective July 31, 2016, to eliminate any available recovery for statutory damages. *See* MCL § 445.1715(2). Defendant is aware that this Court has concluded that the six-year statute of limitations applies. *See Krassick v. Archaeological Ins. of Am.*, 2022 WL 2071730, at *1 (W.D. Mich. June 9, 2022) (Jarbou, J.). Without conceding this issue, as set forth herein, the six-year statute of limitations has also expired, and the case should be dismissed.

[3] This conclusion is also consistent with the legislative history of the 2016 Amendment, which provides, in pertinent part: "The amendatory act is curative and intended to clarify that the prohibitions on disclosing information . . . and that a civil action for a violation of those

9

Order applies only to the commencement of claims rather than extension of certain remedies found in causes of action. Even if Plaintiff is correct that her deadline to file a claim under the PPPA was tolled for 101 days, the remedy of statutory damages was not preserved as part of that tolling.

Nor do the Court's Administrative Orders save Plaintiff's claim. In *Browning*, the Michigan Supreme Court was asked to review the propriety of the tolling order but declined to take up the issue. *Id*. However, in a dissenting opinion, Michigan Supreme Court Justice David Viviano, joined by Justice Brian Zahra, acknowledged that the defendants' argument that these "administrative orders improperly exercised legislative power" was a "strong argument that merits our attention." *Id*. at *2. Indeed, it appears the Michigan Supreme Court lacks authority to issue "court rules that prevail over statutes." *Id*. It "may only do so in matters dealing with practice and procedure in the courts and not in matters involving substantive law," and the Court has previously held that "[s]tatutes regarding periods of limitations are substantive in nature." *Id*. (citing *Gladych v. New Family Homes, Inc.*, 468 Mich. 594, 600 (2003)). Thus, the Court concluded in the past that "to the extent [a statute] enacts additional requirements regarding the tolling of the statute of limitations, the statute would supersede the court rule." *Id*. Thus, the Michigan Supreme Court Administrative Orders cannot extend the statutory limitations period.[4]

The Court should find that regardless of what limitations period is applied, it expired before this case was filed and this case should be dismissed, with prejudice.

---

prohibitions may only be brought by a customer who has suffered actual damages as a result of the violation." S.B. 490, 98th Leg., Reg. Sess., P.A. No. 92 (Mich. 2016).

[4] While the Michigan Supreme Court has not directly addressed the Governor's executive orders tolling statutes of limitations, the court has unequivocally held that other "executive orders issued by the Governor in response to the COVID-19 pandemic now lack any basis under Michigan law." *In re Certified Questions From United States District Court, Western District of Michigan, Southern Division*, 506 Mich. 332, 337 (2020); *see also House of Representatives v. Governor*, 506 Mich. 934 (2020).

### B. The Complaint Fails to State a Claim under Rule 12(b)(6).

Even if Plaintiff's claim is not barred by the statute of limitations, it should be dismissed because the Complaint presents no facts to plausibly suggest that Defendant unlawfully disclosed Plaintiff's PRI to third parties in violation of the PPPA. To state a claim under the PPPA, the plaintiff must plead facts indicating that (i) the defendant disclosed information about the plaintiff without consent and (ii) the information <u>identified</u> the plaintiff to the receiving party. M.C.L. § 445.1712 (1989) (barring disclosure "to any person, other than the customer, a record or information concerning the purchase . . . of [written] materials by a customer that indicates the identity of the customer"). Plaintiff's claim is based on the conclusory allegation that Defendant disclosed her PRI to "data aggregators, data appenders, data cooperatives, and list brokers . . . during the relevant pre-July 31, 2016 time period." (Compl., ¶ 1). Plaintiff does not allege any facts beyond this conclusory statement and therefore fails to plead adequate facts for the Court to infer that it is plausible that Defendant is liable for a PPPA violation. *See Ashcroft*, 556 U.S. at 678.

Plaintiff does not identify any party who received Plaintiff's personal information, let alone how or when that disclosure occurred, including whether the disclosure occurred in the six years and 101 days before the filing date of October 4, 2022. Rather, Plaintiff's claim is based on conclusory allegations about disclosure, along with more than 25 paragraphs addressing the history of the PPPA, comparable federal law, and the "private information market" industry in general. (*Id.*, ¶¶ 16-42).

Importantly, Plaintiff's so-called "documented evidence" of Defendant's PPPA violations also fails to plausibly support the conclusion that Defendant violated the PPPA on or before July 31, 2016. (*Id.*, ¶ 2 & Ex. A). Plaintiff relies on an unauthenticated *third-party* list broker's

(NextMark) online data card dated **June 30, 2022**. (*Id*.). The data card shows only that sometime after June 30, 2022, (almost six years after any alleged statutory violation) a third-party (not Defendant) offered to sell certain *demographic* information of subscribers. The data card does not indicate that names or addresses are listed, identify from where the information is obtained, what information it contains other than the listed demographic information, or most importantly, that any *Outdoor Photographer* subscriber information from before July 31, 2016, is contained therein.

Indeed, Judge Stephen Murphy of the Eastern District of Michigan recently dismissed a PPPA claim that attempted to rely on a NextMark data card. *See Nashel and Robinson v. The New York Times Company*, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022). Just like Plaintiff, the *Nashel* plaintiffs argued that an obsolete NextMark "mailing list" showing customer "counts" through June 30, 2007, supported an inference that the defendant violated the PPPA during the relevant pre-July 31, 2016, period. *Id.*, at *1. The court held that these allegations "fail to clear the plausibility threshold" because the data cards "were posted years before the relevant period," Plaintiffs' only "cure for the timing issue" was a "legal-conclusion inference" that made their allegations "merely *possible* rather than plausible," and the "data cards . . . fail to support a crucial element of Plaintiffs' alleged action: that *Defendant* engaged in the business of selling written material to disclose information personally identifying the customer." *Id.*, at *4-5 (emphasis in original) (citation omitted). The *Nashel* court was faced with the exact same PPPA claim as this Court is here, supported by a comparably outdated NextMark "mailing list" purporting to "count" individuals who made purchases years outside the period in which the PPPA claim accrued, and concluded that those allegations did not plausibly state a claim for relief. Judge Murphy refused to make what he called "a large inferential leap" and dismissed the complaint. *Id*. This case is

substantially similar to the *Nashel* case—in fact, *Nashel* was one of the many cookie-cutter cases brought by the same attorneys who brought this case—and the result should be the same.

In yet another action alleging claims under the PPPA, the court dismissed a similar complaint against Apple for failure to plead plausible facts. *See Wheaton v. Apple Inc.*, 2019 WL 5536214 (N.D. Cal. Oct. 25, 2019). The court dismissed the plaintiffs' PPPA claim because "[t]he complaint fail[ed] to plausibly allege with enough facts that Apple disclosed plaintiffs' personal listening information to third-party data brokers and similar entities," and the data cards identified in the complaint "d[id] not show that Apple disclosed customers' personal listening information." *Id*. at *5. Again, the results here should be the same.

Because the Complaint does not allege facts that support the conclusion that Defendant plausibly violated the PPPA with respect to the named Plaintiff (or any putative class member), Plaintiff has not met the requirements for pleading a claim under the statute. *See, e.g.*, *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) ("[I]t is not enough for plaintiffs to argue that the complaint, because it is silent as to when they first acquired actual knowledge, must be read in the light most favorable to them and construed as not precluding the possibility that they will be able to prove facts establishing their entitlement to relief. . . . A complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient.") Plaintiff's Complaint falls short of the "line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557. Thus, Plaintiff's claims fail to meet the pleading standards of Rule 12(b)(6) and should be dismissed.

V. **CONCLUSION.**

For the foregoing reasons, the Complaint should be dismissed, with prejudice.

DATED:  December 12, 2022         Respectfully submitted,

BLANK ROME LLP

By: */s/ Ana Tagvoryan*
    Ana Tagvoryan
    ana.tagvoryan@blankrome.com
    Harrison Brown
    harrison.brown@blankrome.com
    2029 Century Park East, 6th Floor
    Los Angeles, CA 90067
    Tel.:  424.239.3400
    Fax:  424.239.3434
Attorneys for Defendant
Madavor Media, LLC

14
130023260

# **CERTIFICATE OF COMPLIANCE**

The Memorandum in Support of Defendant Madavor Media, LLC's Motion to Dismiss complies with the word count limitation of W.D. Mich LCivR 7.3(b)(i) because the brief contains 2,937 words, including headings, footnotes, citations, and quotations, and excluding the parts of the brief exempted under W.D. Mich LRevR 7.2(c). The word count was generated using Microsoft Word.

DATED: December 12, 2022        Respectfully submitted,

BLANK ROME LLP

By: */s/ Ana Tagvoryan*
    Ana Tagvoryan
    ana.tagvoryan@blankrome.com
    Harrison Brown
    harrison.brown@blankrome.com
    2029 Century Park East, 6th Floor
    Los Angeles, CA 90067
    Tel.: 424.239.3400
    Fax: 424.239.3434
Attorneys for Defendant
MADAVOR MEDIA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys or parties of record.

By: */s/ Ana Tagvoryan*
　　　Ana Tagvoryan