# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KELLEY KASUL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MADAVOR MEDIA, LLC,<br><br>Defendant. | Case No. 1:22-cv-914-HYJ-RSK<br><br>Honorable Hala Y. Jarbou<br>Mag. Ray Kent |

## JOINT STATUS REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's December 30, 2022, Order (ECF No. 17), Plaintiff Kelly Kasul ("Plaintiff") and Defendant Madavor Media, LLC ("Defendant") hereby submit the following Joint Status Report.

A Rule 16 Scheduling Conference is scheduled for January 25, 2023 at 11:00 A.M., before the Honorable Ray Kent. Appearing for the parties as counsel will be:

For Plaintiff: E. Powell Miller, Philip L. Fraietta, and Frank S. Hedin

For Defendant: Ana Tagvoryan, Harrison Brown

**I.      JURISDICTION**

Plaintiff asserts that the Court has subject-matter jurisdiction over this action because the Complaint alleges that (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) the proposed class is comprised of at least 100 members. *See* 28 U.S.C. § 1332(d)(2)(A), (5)(B).

1

**II.     JURY OR NON-JURY**

This case **is** to be tried before a jury.

**III.    JUDICIAL AVAILABILITY**

The Parties **do not all agree** to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

**IV.    STATEMENT OF THE CASE**

In this putative class action, Plaintiff alleges that before July 31, 2016, Defendant rented, exchanged, and/or otherwise disclosed its Michigan customers' detailed and personally identifiable magazine subscription records to numerous third parties, including, but not limited to, data aggregators, data appenders, data cooperatives, and list brokers.  Plaintiff alleges that by renting, exchanging, and/or otherwise disclosing such personal information before July 31, 2016, without notice or consent, Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id*. § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA").  Accordingly, Plaintiff brought this action on behalf of herself and all similarly-situated Michigan customers to recover statutory damages, costs, and reasonable attorneys' fees.

Defendant disputes these allegations and believes there are no facts whatsoever to support the bold allegations. Plaintiff's entire case is based on the receipt of unidentified "junk mail" from unidentified third parties. Plaintiff concludes that it must be due to nefarious conduct by Defendant over six years ago, due to a third party's offer of subscriber lists through 2006 and 2022, respectively. These allegations are insufficient to state a claim of violation of the PPPA and entitlement to its statutory damages from before the July 31, 2016, amendment to the statute. Defendant has filed a motion to dismiss, which is pending. Dkt. No. 20.

V.   **PROSPECTS OF SETTLEMENT**

The Parties have discussed the prospect of settlement, but Plaintiff believes a settlement is not likely at this time. Plaintiff remains willing to attend a private mediation upon provision of information pertaining to the estimated size of the putative class and insurance information.

Defendant has raised the possibility of settlement, but Plaintiff has not been receptive. Defendant is willing to consider early private mediation. In addition, the class as defined contemplates only class members who did not provide consent; however, the statute also allows for sharing of PRI with notice and an opportunity to opt out. Defendant believes its notice procedures regarding sharing of information and privacy were sufficient. There is no insurance coverage at this time.

VI.   **PENDENT STATE CLAIMS**

This case **does not** include pendent state claims.  The only claim at issue in this case is a claim under the Michigan PPPA.

VII.   **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

Plaintiff filed an amended complaint as of right pursuant to Rule 15 on January 3, 2023. The Parties do not anticipate the need to further amend the pleadings or add any additional parties at this time. The Parties expect to file all motions for joinder or parties to this action and to file all motions to amend the pleadings by **March 31, 2023**.

VIII.   **DISCLOSURES AND EXCHANGES**

   a. Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise.  The Parties propose the following schedule for Rule 26(a)(1) disclosures:  The Parties shall exchange Rule 26(a)(1) initial disclosures on or before **March 3, 2023**.

b. Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by **the close of fact discovery**. Defendant expects to be able to furnish the names of Defendant's expert witnesses 30 days following Plaintiff's expert disclosure.

c. It **would** be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

   i. Plaintiff's expert witness reports shall be disclosed on or before **November 6, 2023**;

   ii. Defendant's expert witness reports shall be disclosed on or before **December 15, 2023**.

d. The Parties are unable to agree on voluntary production at this time.

## IX. DISCOVERY

Recognizing that the precise contours of the case, including the amount of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff is cognizant that this Court is presiding over a number of similar matters, and thus has crafted a proposed schedule that is similar to the schedules that the Court ordered in those matters. *See, e.g.*, *Gottsleben v. Informa Media, Inc.*, Case No. 22-cv-00866-HYJ-RSK at ECF No. 23 (W.D. Mich.).

Defendant disputes that this is an accurate recitation of the Court's statements during the *Informa Media* status conference. In addition, setting the discovery and class cert deadlines as far

4

130238842

out as Plaintiff proposes unfairly burdens Defendant, who will be the subject of prolonged and disruptive documentary discovery and possible fishing expeditions in conflict with this Court's directive to prepare cases for trial within 12 months. If the court is inclined to push fact discovery to March 2024, Defendant asks the Court to consider staying discovery at least until the dispositive motion to dismiss is fully briefed.

As a result of the foregoing disputes, the Parties have been unable to agree on all of the proposed dates below. The Parties' different positions are noted where applicable:

a. Initial interrogatories and requests for the production of documents to be served by **March 3, 2023**.

b. Joint submission of a proposed Protective Order governing the production and exchange of confidential information by **March 18, 2023**.

c. Amendments to Complaint, including addition of additional parties, to be completed by **March 31, 2023**.

d. Document production shall be produced on a rolling basis at reasonable intervals and shall be substantially completed by **July 20, 2023**.

e. Requests to Admit to be served no later than **July 20, 2023**.

f. Fact discovery shall be completed no later than: Plaintiff's Position: **March 24, 2024**; Defendant's Position: **October 5, 2023**.

Plaintiff believes that discovery will be needed in the following areas: (i) the manner by which Defendant purports to obtain its customers' consent to rent, exchange, and/or otherwise disclose their magazine subscription records; (ii) any written notice Defendant provided to Plaintiff and the putative Class of their right to remove their names from any rentals, exchanges, and/or disclosures of customer lists, and the manner by which any such notice was provided; (iii) the identities of any third parties that receive Defendant's customers' magazine subscription records before July 31, 2016; (iv) copies of all transmissions of customers' magazine subscription records to third parties before July 31,

5

130238842

2016; (v) the contracts between Defendant and other third parties relating to the rentals, exchanges, and/or disclosures at issue; (vi) any and all contracts between Defendant and Plaintiff and the putative Class; (vii) subscription and payment records of Plaintiff and the putative class; and (viii) the size and identities of the putative Class members.

Defendant believes that discovery will be needed in the following areas: Plaintiff's subscription information and records; Plaintiff's damages and the "junk mail" she received; Plaintiff's failure to opt out of any sharing for direct marketing purposes; Plaintiff's relationship and retainer agreement with counsel; Plaintiff's suitability to represent a class; counsel's adequacy to represent a class; Plaintiff's other subscriptions since January 1, 2016, to the date of the filing of the Complaint; other class member and related discovery.

## X. DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The Parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The Parties will negotiate and propose an ESI protocol on or before **March 18, 2023**.

## XI. ASSERTION OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTION

The Parties agree to abide by the Federal Rules of Evidence with respect to assertion of claims of privilege or work-product immunity after production.

## XII. MOTIONS

The Parties acknowledge that W.D. Mich. Local Civil Rule 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a

separately filed certificate.

The following dispositive motions are contemplated by each party:

<u>Plaintiff</u>: A motion for class certification and a motion for summary judgment.

<u>Defendant</u>: A motion for summary judgment, motion to deny certification, and potentially a motion for lack of standing or subject matter jurisdiction depending on information adduced during discovery.

The Parties propose the following briefing schedule for Plaintiff's Motion for Class Certification:

Plaintiff will file her motion for class certification on or before: Plaintiff's Position: **November 6, 2023;** Defendant's Position: **August 7, 2023**;

Defendant will file its opposition to Plaintiff's motion for class certification on or before: Plaintiff's Position: **December 15, 2023;** Defendant's Position: **September 15, 2023**;

Plaintiff will file her reply in support of her motion for class certification on or before: Plaintiff's Position: **January 15, 2024;** Defendant's Position: **October 5, 2023.**

Plaintiff proposes that the parties shall meet and confer on a briefing schedule for summary judgment motions after a decision on the motion for class certification. Defendant opposes putting a schedule or limiting the filing of a motion for summary judgment to any given time; and avers that the Civil Procedure Rules allow for early motions for summary judgment. However, Defendant is not opposed to stipulating to a briefing schedule for an opposition or reply brief.

Plaintiff is not opposed to Defendant filling a pre-class certification motion for summary judgment, however, Plaintiff believes that the parties should not file serial motions for summary judgment, and Plaintiff also believes that if Defendant files a motion for summary judgment

before a decision on class certification, Defendant should be deemed to have waived the rule against one-way intervention, and Plaintiff should be entitled to move for summary judgment prior to a decision on class certification as well (without being precluded from later moving for class certification).

Defendant objects to waiver of the one way intervention rule as to Plaintiff's early motions for adjudication or judgment, and notes that such rule does not apply in federal court to preclude or otherwise limit the timing or number of dispositive motions that a defendant may file.

## XIII. ALTERNATIVE DISPUTE RESOLUTION

The parties will schedule a private mediation to occur as soon as possible.

## XIV. LENGTH OF TRIAL

Counsel estimate the trial will last approximately 4-6 days total, allocated as follows: 2-3 days for Plaintiff's case, 2-3 days for Defendant's case.

## XV. ELECTRONIC DOCUMENT FILING SYSTEM.

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve

8

130238842

pro se parties with paper documents in the traditional manner.

## XVI.  OTHER

If discovery moves forward, the Parties are cognizant of this District's preference to conduct discovery in 6 months or less, and the Parties have proposed a schedule designed to conduct all fact discovery in 6 months accordingly.  However, given the complex nature of this case, and that it is a putative class action, the Parties believe 6 months is likely too ambitious.  The Parties therefore would like to discuss an enlarged schedule with the Court at the upcoming Rule 16 Scheduling Conference.


Dated:  January 20, 2023                                   Respectfully submitted,


                                                           */s/ E. Powell Miller*
                                                           E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
William Kalas (P82113)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com
wk@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta (P85228)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin

David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Attorneys for Plaintiff*

Dated: January 20, 2023

Respectfully submitted,

*/s/ Ana Tagvoryan w/permission*
BLANK ROME LLP
Ana Tagvoryan
ana.tagvoryan@blankrome.com
Harrison Brown
harrison.brown@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Tel.:    424.239.3400
Fax:    424.239.3434

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

                                        */s/ E. Powell Miller*
                                        E. Powell Miller (P39487)
                                        **THE MILLER LAW FIRM, P.C.**
                                        950 W. University Dr., Ste. 300
                                        Rochester, MI 48307
                                        Tel: (248) 841-2200
                                        epm@millerlawpc.com

130238842